PRICE, Judge.
Lester C. Simpson brought this action, seeking benefits under the Louisiana Workmen’s Compensation Statute for total and permanent disability resulting from an accident happening on December 16, 1968. The defendants in this action are Yor-Wic Construction Company, Inc., the employer of the plaintiff at the time of the accident, and its workmen’s compensation insurer, Hanover Insurance Company. From a judgment of the district court rejecting his demands, plaintiff has perfected this appeal.
On the date of the accident Simpson was working as a construction superintendent for the Yor-Wic Construction Company, laying a sewer line for the City of Shreveport. Simpson contends that a tractor, equipped with a back hoe and outrigger, became stuck in a pile of loose gravel, and in assisting the driver in freeing the tractor he was struck simultaneously on the right thigh by the boom and in the pubic region by the outrigger. Plaintiff contends that as a result of this accident he has suffered an injury to his low back, leaving him totally and permanently disabled from performing his work as a construction foreman.
We are called upon to review purely factual issues and the findings of the trial judge should not be disturbed unless they are manifestly erroneous.
None of the four medical experts who testified could relate the cause of plaintiff’s present back condition to the accident occurring on December 16, 1968. Dr. Robert Braswell, who treated plaintiff immediately after the accident and admitted him for hospitalization for a period of five days for observation, testified that the sole complaints of plaintiff during this period of time were directed to discomfort in the right groin and scrotum region. Dr. Bennett Young testified that he received the same complaints when called for consultation the day following the accident. Dr. Willis Taylor, who examined plaintiff after he had returned to work in February for complaints relative to pain in his back and hip region, could find no objective symptoms to connect his complaints with the accident.
Dr. Ray King, who examined plaintiff on November 5, 1969, testified that plaintiff had a very marked degree of degeneration in his lower lumbar region at that time. However, on that date he did not find sufficient symptoms to suggest to him the need for further tests. In February, 1970, Dr. King made clinical findings that were indicative of a ruptured lumbar disc. A myelogram was performed which disclosed herniated discs at the L 3-4 level and at the L 4-5 level. Other than from the history given him by the plaintiff, Dr. King was unable to relate any causal connection between the accident and the condition of plaintiff’s back in February of 1970 when the herniated lumbar discs were diagnosed. Dr. King admitted, under cross examination, that plaintiff’s back had degenerated to the extent that a rupture of the discs could have happened at any time from a number of causes.
The record reflects that plaintiff, had suffered injuries to his back prior to his employment with Yor-Wic Construction Company that were not disclosed to any of the treating physicians in this case. In October, 1967, while employed at the Louisiana Ordnance Plant in Webster Parish, Louisiana, plaintiff sustained an injury to his low back which was treated by Dr. W. W. Fox. Again in September, 1968, while working for a Texas contractor, the plaintiff sustained a low back injury while operating a tractor. This injury was treated by pelvic traction in a *22 hospital in Mesquite, Texas, for a period of six or seven days. The Texas physician who treated plaintiff in that matter testified in this case that Simpson was never discharged from treatment but failed to report back to him. In his sworn answers to pre-trial written interrogatories requesting a disclosure of any previous injuries, plaintiff failed to mention either of these instances.
The trial judge found that the failure to disclose the previous difficulty to his back in response to written interrogatories or to questioning under cross-examination, was sufficient cause for the court to discredit plaintiff’s testimony.
Appellants urge that the testimony of plaintiff, corroborated by Dr. King, should be sufficient to prove the accident of December 16th either caused the present disabling condition of plaintiff’s back, or, alternatively, that it was at least an aggravation of an already existing condition which would allow recovery under the prevailing jurisprudence.
The evidence reflects that after leaving the employ of Yor-Wic in February, 1969, because of completion of the contract on which he was working, plaintiff was engaged in .the same type of employment for P & S Construction Company from April, 1969, until the time of trial. In the course of this employment he operated some heavy machinery and at intervals was required to help lift pipe and other equipment.
It is well established that although the rules of evidence are more liberal in workmen’s compensation cases, the plaintiff must establish his claim to a legal certainty by a preponderance of the evidence just as in any other civil case.
We must concur in the evaluation of the trial judge that plaintiff has neither proven that the accident on December 16, 1968, caused his present back condition, nor has he shown to a legal certainty by a preponderance of the evidence that this accident aggravated a previous injury, resulting in his present disability.
The medical testimony most favorable to plaintiff is that of Dr. King, who testified that the accident suffered by plaintiff could possibly have caused the herniated discs. However, Dr. King, on cross examination, advised that any number of other things could also logically have caused the degenerated back to have sustained the ruptured disc.. It should be noted that Dr. King did not see plaintiff as a patient until over a year after the accident and plaintiff had been performing similar work for another contractor during this period of time.
We can find no error in the trial judge’s limiting the credibility of plaintiff’s testimony because of concealment of previous injuries to his back and other contradictions in his testimony. The evidence is sufficient to warrant this finding.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.